UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS LEE,

    Plaintiff,

v.

SERGEANT TODD HILL, SERGEANT
TIMOTHY WILLIS, DEPUTY JASON
RUPE, DEPUTY ERIC HOISINGTON,
DEPUTY RICHARD HOWE, DEPUTY
DARIUS ZAJAC, DEPUTY STEVEN
CARTER, SERGEANT LESLIE WHITFIELD,
DEPUTY BRYAN PASINI, DEPUTY JEREMY
BABIAK, DEPUTY JOSEPH EDDY, GREG
SMITH, OAKLAND COUNTY SHERIFF MICHAEL
BOUCHARD, CITY OF PONTIAC, and THE
COUNTY OF OAKLAND,

    Defendants.
_____/

Civil Case No. 2:12-cv-10486
Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On February 3, 2012, Plaintiff initiated this civil rights action Defendants claiming that he was attacked by officers when booked on June 7, 2012.  In an order dated April 30, 2012, this Court dismissed all defendants except Eric Hoisington and Jason Rupe.  (ECF No. 6.)  On December 14, 2012, Defendants Hoisington and Rupe filed a motion for judgment on the pleadings or for summary judgment.  (ECF No. 15.)  This Court referred the motion to Magistrate Judge

Laurie J. Michelson for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 18.) Plaintiff never filed a response to the motion and on August 9, 2013, Magistrate Judge Michelson issued a R&R recommending the granting of Defendants' motion for summary judgment. (ECF No. 21.)

In her R&R, Magistrate Judge Michelson concludes that the undisputed facts fail to show a Fourth Amendment violation by Defendants Hoisington or Rupe.[1] At the conclusion of the R&R, Magistrate Judge Michelson advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 12.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) No objections to the R&R were filed.[2]

---

[1]While Plaintiff's Complaint refers to the Eighth Amendment and claims that Plaintiff was subjected to cruel and unusual punishment, he was a pretrial detainee at the time of the incident. Thus, as Magistrate Judge Michelson correctly determines, the Fourth Amendment applies. (R&R at 6.)

[2]The R&R initially was mailed to Plaintiff at the Ionia Maximum Correctional Facility where Plaintiff was last incarcerated. However, according to the Michigan Department of Corrections' Offender Tracking Information Service, Plaintiff was paroled July 30, 2013. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=726000. Thus the copy of the R&R that had been sent to him was returned to the Court as undeliverable. (ECF No. 22.) Plaintiff nevertheless has not provided the Court with an updated address as required by Eastern District of Michigan Local Rule 11.2. Notably, the Court informed the parties of their obligation to provide any

(continued...)

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Michelson.  The Court therefore adopts Magistrate Judge Michelson's August 9, 2013 Report and Recommendation.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment is **GRANTED**.

Dated: September 12, 2013          s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Travis Lee, #72600
c/o Pontiac Parole Office
2001 Centerpoint Parkway, Suite 101
Pontiac, MI 48341

Mary M. Mara, Esq.

---

[2](...continued)
change of address early in this case.  (ECF No. 3.)  The Court nevertheless sent a second copy of the R&R to Plaintiff at his assigned parole office on August 19, 2013.  Despite waiting an additional fourteen days for Plaintiff to file any objections to the R&R that he might have, no objections have been received.